UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, ) ) ) | |
| Interpleader Plaintiff, ) ) | |
| vs. ) ) | Case No. 4:20-cv-01549-AGF |
| JOHNNY FREEMAN, et al., ) ) ) | |
| Interpleader Defendants. ) | |

**MEMORANDUM AND ORDER**

The Prudential Insurance Company of America (Prudential) filed this statutory interpleader action to resolve competing claims under an individual life insurance policy. In its complaint, Prudential alleges that the Court has jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335 because the amount in controversy is greater than $500 and there is diversity of citizenship between two or more of the interpleader defendants.[1]

The matter is before the Court on Prudential's motion (ECF 45) for default judgment as to Interpleader Defendants Freeman, Smith, and Conour; to deposit funds; and for interpleader relief.  The Clerk of Court has entered default against Interpleader Defendants Freeman, Smith, and Conour, pursuant to Federal Rule of Civil Procedure

---

[1]     Interpleader Defendant Robert Fowler is a citizen of Georgia, while the remaining interpleader defendants, Johnny Freeman, Mary Smith, and Jared Conour, are citizens of Missouri.  Prudential has offered the sum of $27,964 (the value of the death benefit due under the policy) to be deposited into the Court's registry.

2

55(a), and none of these defendants has appeared in this case or responded to the interpleader complaint. Prudential asks that the Court enter an Order granting default judgment pursuant to Federal Rule of Civil Procedure 55(b) against Freeman, Smith, and Conour; directing Prudential to deposit the disputed portion of the insurance proceeds into the Court's registry pursuant to Federal Rule of Civil Procedure 67; discharge Prudential from all liability with regard to the subject insurance proceeds; and dismiss Prudential from this action without prejudice.

In response to Prudential's motion, the only non-defaulting interpleader defendant, Robert Fowler, has filed a motion (ECF No. 47) for direct transfer of the insurance proceeds at issue. Fowler argues that the proceeds should be paid directly to him because he is the only remaining individual continuing to claim a right to the proceeds. Fowler argues that "[d]epositing the funds in the Court registry and proceeding with an interpleader action would . . . result in unnecessary delay and expense" in light of the other defendants' default. ECF No. 47 at 2. But Fowler does not otherwise oppose Prudential's motion. Prudential has not opposed Fowler's motion, and the time to do so has passed.

"Federal statutory interpleader allows a party holding money or property to join the various parties asserting mutually exclusive claims, thereby avoiding the threat of multiple liability or multiple lawsuits." *Acuity v. Rex, LLC*, 929 F.3d 995, 1000 (8th Cir. 2019) (citation omitted). "A district court has jurisdiction over a statutory interpleader claim if there are adverse claimants to money or property worth at least $500 and diverse

3

citizenship between at least two of the adverse claimants." *Id.* (citing 28 U.S.C. § 1335(a)). "In addition, the plaintiff must deposit the money or property in the registry of the district court." *Id.*

"In an interpleader action where all defendants but one have defaulted, the remaining defendant is entitled to the funds." *S. & Assocs., P.C. v. Ford*, No. 4:07-CV-2021 (JCH), 2008 WL 2906857, at *3 (E.D. Mo. July 24, 2008) (collecting cases); *State Farm Mut. Auto. Ins. Co. v. Wagnon*, 959 F.2d 245 (10th Cir. 1992) ("A default judgment entered against a claimant in an interpleader action terminates that party's interest in the fund at issue.")

Here, upon review of the complaint and the record, it is clear that Prudential is entitled to interpleader relief and that Fowler is the only remaining defendant and is therefore entitled to the disputed funds. However, because the Court's subject matter jurisdiction is triggered by the deposit of funds into the Court's registry, the Court will first grant Prudential's motion for deposit of funds and other relief, and then grant Fowler's motion in part, such that following deposit, the funds will be distributed to Fowler. *See S. & Assocs., P.C.*, 2008 WL 2906857, at *3 (following this process).

Accordingly,

**IT IS HEREBY ORDERED** that Interpleader Plaintiff's motion for default judgment as to Defendants Johnny Freeman, Mary Smith, and Jared Conour; to deposit funds; and for interpleader relief is **GRANTED**. ECF No. 45.

4

**IT IS FURTHER ORDERED** that, within **21 days** of the date of this Memorandum and Order, Plaintiff shall deposit the death benefit in the amount of $27,964 (Interpleader Amount) into the Court registry.  Once Plaintiff has deposited the Interpleader Amount with the Clerk of Court, Plaintiff shall be discharged from all further liability related to these funds.  Interpleader Defendants are enjoined from instituting or prosecuting any other proceeding against Plaintiff with respect to the Interpleader Amount or related insurance policy.

**IT IS FURTHER ORDERED** that Defendant Robert Fowler's motion for direct transfer of funds is **GRANTED in part,** as follows.  ECF No. 47.  Once the Clerk of Court receives the funds from Plaintiff, the Clerk of Court shall issue a check for the full amount of the deposited funds to Defendant Robert Fowler, at the address of his attorney on file.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve a copy of this Order on Interpleader Defendants Johnny Freeman, Mary Smith, and Jared Conour at the addresses reflected in the file.

**IT IS FURTHER ORDERED** that Defendant Robert Fowler shall promptly file a notice advising the Court of when the deposited funds have been transferred.  Upon receipt of such notice, the Court will enter an Order of Dismissal dismissing this case.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of November, 2021.